[Sac. No. 4795. In Bank.—February 28, 1934.]

T. L. REED COMPANY (a Corporation), Respondent, v. J. R. KRUSE, Appellant.

C. E. McLaughlin and Porter McLaughlin for Appellant.

Everts, Ewing, Wild & Everts, C. L. Clark, Dan F. Conway, L. N. Barber and Butler, Van Dyke, Desmond & Harris for Respondent.

PRESTON, J.—Action for an accounting upon sale of land by a surviving trustee pursuant to the provisions of a deed of trust. Plaintiff alleged that the money received by defendant trustee at the time of sale was $15,000 in excess of the sum required to discharge the indebtedness under the trust deed, together with advancements and expenses, including costs of sale. Defendant answered, alleging that he sold the property for $61,043.30, the exact sum required to satisfy said items. Upon conflicting evidence the court found that defendant received from the purchase price of said property $5,000 in excess of the amount required to discharge the indebtedness of plaintiff and sums otherwise advanced and secured by said deed of trust. Judgment followed for plaintiff accordingly and defendant appealed.

The record fails to show the particular items which went to make up the $5,000 award to plaintiff but it does contain evidence amply sufficient to support the findings and judgment, as hereinafter set forth.

The trust deed was given to secure a $40,000 promissory note and later advancements made in behalf of plaintiff. Plaintiff defaulted and defendant took possession of and conducted farming operations on the premises from January 2 to June 10, 1929. At sale of the property, held on the latter date, it was bid in by the beneficiary named in said deed of trust for the exact amount due according to its records, to wit: $61,043.30. In calculating the sum to be bid, the beneficiary included the principal debt, interest, costs and expenses, and in addition, a $2,000 attorney's fee and expenses incurred in farming the land during the aforesaid period of occupation, including $1500 for services of a supervisor who had possession of and operated the farm. During said occupancy a number of fruit-trees were severed and the wood therefrom was cut and partly corded. After sale of the property, this wood, which had remained thereon, was sold by the purchaser at a profit of perhaps $1500 but plaintiff was not given credit for such sum or any part thereof.

The deed of trust provided that the trustee should pay the expenses of sale, including an attorney's fee in a fixed amount. But here no fee was actually paid to any attorney. Apparently necessary legal duties were performed by general counsel for the beneficiary, an insurance company. These facts justify disallowance of the attorney's fee of $2,000. The purpose of said provision of the trust deed was to place a limit upon the amount of fee which could be charged, not to bind the trustor to pay such a sum if it was not actually expended or incurred as an expense of the sale.

Disallowance of the compensation paid to the supervisor during the time he occupied and operated the farm on behalf of the beneficiary is also justified. The evidence shows that this supervisor was a general agent employed by said company at a salary of $250 a month to superintend all of its farming operations. There is no showing of the time devoted to superintending operations on the property here involved during the said period of occupancy prior to sale, or of any apportionment of the compensation paid said supervisor as between this property and other ranches or lands which he managed for his employer. While the deed of trust provided that the beneficiary should judge the expense necessary to keep the property in good condition and

repair, it was necessary for said company to show the sums actually expended by it before claiming credit. Here, as above stated, there was a failure of proof of the amount paid said supervisor with respect to this particular property.

The allowance to plaintiff of a sum equal to the profit received from sale of wood on the premises is also justified. The trees were removed after plaintiff's surrender of the property but it was charged with the labor costs incidental to their removal. It was the duty of defendant trustee, during his occupancy and management of the premises, to sell this wood and apply the proceeds of sale to purposes of the trust or to otherwise account to plaintiff therefor. But the trustee allowed the wood to stay on the land and the purchaser thereafter sold it. The court was justified in charging said trustee with its reasonable value, which was placed by one witness as high as $3,600.

From the above discussion it will be seen that if plaintiff were allowed credit for the three items mentioned, $2,000 attorney's fee, $1500 salary of supervisor and $1500 for wood, this would afford a proper basis for the $5,000 judgment in his favor.

But appellant further asserts that the court erred in failing to take into consideration and give him credit for $9,895.34 on account of taxes and assessments on the property, delinquent at the time of sale and subsequently paid by the purchaser. This contention is without merit. The beneficiary purchased the property at public sale, subject to the delinquent taxes, and was thus able to make the purchase for a sum lower by that amount. Had appellant, as trustee, paid said taxes and assessments, the sum realized from the sale would have been greater to the amount of the delinquencies. Had the beneficiary, as such, paid the taxes prior to sale of the property, it would have been entitled, under the deed of trust, to reimbursement therefor, but it certainly may not claim this credit for payments made subsequent to the sale when its relation of beneficiary had terminated and it was acting in its capacity as purchaser of the property.

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.